Opinion
ROBERSON, P. J.
Appellant challenges his conviction for traveling at an unsafe speed, in violation of Vehicle Code section 22350.[1] Appellant was stopped on June 15, 1992, for traveling at approximately 49 miles per hour on Laurel Canyon Boulevard on his bicycle. Appellant first contends on appeal that he was wrongly cited and convicted for violating section 22350, because that section does not apply to bicycles.
Article 4 of chapter 1 of division 11 of the Vehicle Code (§ 21200 et seq.) sets forth the rights and duties of operators of bicycles. Section 21200 states in pertinent part: “Every person riding a bicycle upon a highway has all the rights and is subject to all the provisions applicable to the driver of a vehicle by this division[2] . . . except those provisions which by their very nature can have no application.”
Section 22350, the section which appellant is charged with violating, is found in chapter 7 of division 11 of the Vehicle Code. Thus, a person riding *Supp. 3 a bicycle is subject to the provisions of this section unless the provisions of this section “by their very nature can have no application.” Section 22350 reads: “No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property.” Appellant contends that this section is inapplicable to him because section 22350 refers only to the driving of a “vehicle.” Appellant points out that the term “vehicle” is defined by the Vehicle Code as “. . . a device by which any person or property may be propelled, moved, or drawn upon a highway, excepting a device moved exclusively by human power or used exclusively upon stationary rails or tracks.” (§ 670, italics added.)
The reference only to “vehicles” in section 22350 does not by itself make this section inapplicable to bicycles. Conversely, as shown above, the clear legislative intent expressed in section 21200 was to make bicycles subject to the same rules of the road as motor vehicles. To rule otherwise would inevitably frustrate the manifest purposes of the legislation as a whole and lead to absurd results. (See In re Ge M. (1991) 226 Cal.App.3d 1519, 1522-1523 [277 Cal.Rptr. 554].)[3] Appellant was therefore properly cited and convicted for violating section 22350.
Appellant also contends that it was impossible that he was traveling as fast as the officer reported. Determination of a witness’s credibility is solely within the province of the trier of fact. Any conflicts in the testimony or evidence are to be resolved by the trier of fact and cannot be relitigated on appeal. (People v. Thornton (1974) 11 Cal.3d 738, 754 [114 Cal.Rptr. 467, 523 P.2d 267]; People v. Ozene (1972) 27 Cal.App.3d 905, 910 [104 Cal.Rptr. 170].)
Accordingly, the judgment is affirmed.
Johnson, J., and Watai, J., concurred.

All further statutory references are to the Vehicle Code unless otherwise stated.

Division 11—“Rules of the Road." (§ 21000 et seq.)

Further proof that the Legislature intended that users of the roadways other than “vehicles” be subject to the rules of the road of division 11 of the Vehicle Code can be found in the fact that, although trolley cars are not vehicles as defined by section 670, they are required to comply with the Vehicle Code rules. (See § 21051, subd. (c).) Drivers of animals are also expected to obey the rules of the road. (§ 21050.)