TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 93-418 |
| of | : | |
| | : | September 29, 1993 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE JOHN J. MEEHAN, DISTRICT ATTORNEY, COUNTY OF ALAMEDA, has requested an opinion on the following question:

Are persons riding bicycles on sidewalks subject to the same Vehicle Code requirements that apply to persons riding bicycles on roadways?

CONCLUSION

Persons riding bicycles on sidewalks are subject to the same Vehicle Code requirements that apply to persons riding bicycles on roadways and may be subject to additional local regulations.

ANALYSIS

We are informed that uncertainty exists as to whether persons riding bicycles on sidewalks must observe the same Vehicle Code requirements as persons riding bicycles on roadways. Many cities and counties allow the riding of bicycles on sidewalks, and concern for the safety of bicycle riders and pedestrians in such circumstances prompts this request for an opinion.

Vehicle Code section 21200[1] is the basic provision which establishes a bicyclist's obligation to observe the "rules of the road." (See *People* v. *Fong* (1993) 17 Cal.App.4th Supp. 1, 2-3.) It provides in pertinent part:

"Every person riding a bicycle upon a highway has all the rights and is subject to all the provisions applicable to the driver of a vehicle by this division, including, but not limited to, provisions dealing with driving under the influence of

---

[1] All undesignated section references are to the Vehicle Code.

alcoholic beverages or drugs, and by Division 10 (commencing with Section 20000), Section 27400, Division 16.7 (commencing with Section 39000), Division 17 (commencing with Section 40000), and Division 18 (commencing with Section 42000), except those provisions which by their very nature can have no application."

Examining the individual terms of section 21200, we find that a "bicycle" is defined in section 231 as "a device upon which any person may ride, propelled exclusively by human power through a belt, chain, or gears, and having one or more wheels." A "highway" is defined as "a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel." (§ 360.) A "vehicle" is defined a "a device by which any person or property may be propelled, moved, or drawn upon a highway, excepting a device moved exclusively by human power or used exclusively upon stationary rails or tracks." "This division," as specified in section 21200, refers to Division 11 of the Vehicle Code (§§ 21000-23337) covering the "rules of the road" such as driving, overtaking, and passing (§§ 21650-21759), pedestrians' rights and duties (§§ 21950-21969), and stopping, standing, and parking (§§ 22500-22526). "Division 10" (§§ 20000-20018) covers accidents and specifies the requirements for accident reports, section 27400 concerns the wearing of headsets or earplugs, "Division 16.7" (§§ 39000-39012) specifically governs the registration and licensing of bicycles, "Division 17" (§§ 40000-41610) describes criminal offenses and prosecution requirements, and "Division 18" (§§ 42000-42277) controls the disposition of fees, fines, and forfeitures.

In interpreting the language of section 21200, we may rely upon several well established principles of statutory construction. As recently reaffirmed by the Supreme Court in *Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562: "We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent." In determining the Legislature's intent, we are to "look first to the language of the statute, giving effect to its `plain meaning.'" (*Kimmel* v. *Goland* (1990) 51 Cal.3d 202, 208-209.) "The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.) Finally, "reports of legislative committees and commissioners are part of a statute's legislative history and may be considered when the meaning of a statute is unclear." (*Hutnick* v. *U.S. Fidelity & Guaranty Co.* (1988) 47 Cal.3d 456, 465, fn. 7.)

Although section 360 appears to restrict the definition of a highway to "a way or place . . . for . . . vehicular travel," this definition must be read in conjunction with other statutory provisions. Two other statutes affect the meaning of the term "highway" for purposes of the Vehicle Code. Section 530 states: "A `roadway' is that portion of a highway improved, designed, or ordinarily used for vehicular travel," and section 555 provides: "`Sidewalk' is that portion of a highway, other than the roadway, set apart by curbs, barriers, markings or other delineation for pedestrian travel." Consequently, a "highway" may have two components -- a "roadway" and a "sidewalk." A sidewalk is considered part of the highway.

Returning to the language of section 21200, we find that "[e]very person riding a bicycle upon a highway . . . is subject to all the provisions applicable to the driver of a vehicle . . . ." Since a highway includes the sidewalk (§ 555), the "rules of the road" applicable to bicyclists are the same whether riding on the roadway or the sidewalk. Section 21200 appears to be plain and unambiguous in its terms.

Moreover, the statutory history of section 21200 fully supports the "plain meaning" interpretation we have given to the statute. In 1967 section 21200 was made applicable to "[e]very person riding a bicycle upon a roadway . . . ." (Stats. 1967, ch. 586, §3.) In 1975 it was amended

to include bicyclists "upon a roadway or any paved shoulder . . . ." (Stats. 1975, ch. 987, § 6.) Finally, in 1983, the term "highway" was substituted for the phrase "roadway or any paved shoulder." (Stats. 1983, ch. 273, § 2.)

The legislative history of the 1983 amendment to section 21200 demonstrates that the amendment was designed to extend the rules of the road to the riding of bicycles on sidewalks. An analysis prepared for the Assembly Transportation Committee prior to the committee's May 17, 1983, hearing on the proposed measure stated:

"The author is carrying this bill in response to an accident in San Diego in which a bicyclist hit a pedestrian who was on a sidewalk. Some question arose about the ability to prosecute the bicyclist for his actions because of the Vehicle Code's lack of clarity in the provisions relating to bicycles and bicycle operators."

The committee had before it a letter dated May 6, 1983, from the California Association of Bicycling Organizations ("CABO") which stated in part:

"Broadening section 21200, as the bill does, to include `every person riding a bicycle upon a highway,' rather than upon `a roadway or any paved shoulder,' the current language, is appropriate and desirable. Under current law bicyclists on the sidewalk need not obey traffic signs and signals, or even yield before entering the roadway. (CABO does not recommend cycling on the sidewalk, but it is permitted in many places.) This change represents the restoration of earlier language that the Legislature altered by oversight in 1975."

The fact that section 21200 was successively expanded to cover the entire highway including sidewalks, together with the fact that an accident on a sidewalk was the catalyst for the 1983 amendment of section 21200, leaves no doubt that the Legislature intended to extend the rules of the road to persons riding bicycles on sidewalks.

We note that certain rules of the road concern the use of the roadway in particular rather than the highway in general (e.g., § 2165 [except in specified circumstances, a vehicle upon the highway is to be driven upon the right half of the roadway]). Although a sidewalk is a separate part of the highway from the roadway, we believe that, given the factors discussed above, the intent of the Legislature was for the operation of a bicycle on a sidewalk to be similar to vehicular travel wherever practicable. Therefore, to the extent that a vehicle must be driven on the right half of the roadway, a bicyclist riding on an adjacent sidewalk must travel in the same direction as the vehicular traffic. This interpretation of section 21200 provides pedestrians with some assurance as to the direction of bicycle riders on sidewalks at all times. Such statutory construction is consistent with the well-established principle that "[t]he courts must give statutes a reasonable construction which conforms to the apparent purpose and intention of the lawmakers." (*Clean Air Constituency* v. *California Air Resources Bd.* (1974) 11 Cal.3d 801, 813.)

Although a sidewalk is a component of a highway, it is first and foremost a pedestrian facility and therefore has a fundamentally different purpose from that of a roadway.[2] Recognizing the special circumstances presented by the operation of a bicycle on a sidewalk, the Legislature has provided in section 21100:

---

[2] Motor vehicles may not be operated or moved upon a sidewalk except as may be necessary to enter or leave adjacent property or as expressly permitted for disabled persons and certain operations such as postal delivery and public works. (§ 21663.)

"Local authorities may adopt rules and regulations by ordinance or resolution regarding the following matters:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(h)  Operation of bicycles . . . on the public sidewalks."

Similarly, in section 21206, it is provided that:

"This chapter does not prevent local authorities, by ordinance, from regulating the registration of bicycles and the parking and operation of bicycles on pedestrian or bicycle facilities, provided such regulation is not in conflict with the provisions of this code."

To the extent that a local ordinance exists in a particular area, persons riding bicycles on sidewalks may be subject to requirements that those riding bicycles on roadways would not be.  However, the locally imposed requirements may not conflict with the provisions of the Vehicle Code, including the rules of the road.  (§ 21206.)

In answer to the question presented, we conclude that persons riding bicycles on sidewalks are, like bicyclists on roadways, subject to the rules of the road set forth in the Vehicle Code.  In addition, sidewalk bicyclists are subject to any local regulations that have been adopted pursuant to the authority of the Vehicle Code.

* * * * *

4.                                                                93-418