Filed 7/17/14

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| JORGE VELASQUEZ, JR., | No. B253327 |
| Petitioner, | (Super. Ct. No. BA412589) |
| | (Laura F. Priver, Judge) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |


ORIGINAL PROCEEDINGS in prohibition.  Laura F. Priver, Judge.  Petition denied.

Ronald L. Brown, Public Defender, Albert J. Menaster, Kenneth Erlich and Dylan Ford, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Jackie Lacey, District Attorney, Phyllis Asayama, Matthew Brown and Beth L. Widmark, Deputy District Attorneys, for Real Party in Interest.

## INTRODUCTION

While riding his bicycle, Jorge Velasquez, Jr. collided with a pedestrian, seriously injuring her. He was charged with recklessly driving a "vehicle" under Vehicle Code section 23103.[1] One section of the code, however, defines "vehicle" in a way that excludes bicycles. (§ 670.) Another section of the code subjects a bicyclist to "all the provisions applicable to the driver of a vehicle." (§ 21200, subd. (a).) Given the seeming tension between the two sections, can a bicyclist be charged with recklessly driving a "vehicle"? We conclude, yes, a bicyclist can be charged with recklessly driving a vehicle under section 21200.

## BACKGROUND

On April 1, 2013, Velasquez was drinking at Dodger Stadium. After the game, he left on his fixed gear bicycle, which had no brakes and could be stopped only with foot pressure. While going downhill, he veered onto the wrong side of the road to avoid a car that pulled in front of him. Velasquez hit Sudha Russell, who suffered broken bones to her face, loss of memory, and loss of consciousness for 10 days. Velasquez's blood alcohol content was 2.18.

On June 19, 2013, the People filed a felony complaint for arrest that alleged reckless driving causing specified injury (§ 23105, subd. (a)).[2] At the preliminary hearing, Velasquez moved to dismiss the complaint on the ground that, under section 670, a bicycle is not a "vehicle" for purposes of the reckless driving statute. The magistrate denied the motion.

On November 7, 2013, the People filed an information alleging reckless driving causing specified injury (§§ 23103, 23105, subd. (a)). Velasquez filed a motion to set

---

[1]   All further undesignated statutory references are to the Vehicle Code.

[2]   The People intended to allege a violation of section 23103, the reckless driving statute. Section 23105, subdivision (a), prescribes penalties for violating section 23103. Where, as here, the victim suffers one or more delineated injuries, the crime may be charged as a felony. (§ 23105, subd. (a); Pen. Code § 1170, subd. (h).)

2

aside the information (Pen. Code, § 995), again based on the definition of "vehicle" in the code.  The trial court denied the motion and invited the defense to take this writ.

## DISCUSSION

Velasquez was charged with violating section 23103, subdivision (a), which prohibits recklessly driving a "vehicle" in willful or wanton disregard for the safety of persons or property.  A "vehicle" is "a device by which any person or property may be propelled, moved, or drawn upon a highway, excepting a device moved exclusively by human power or used exclusively upon stationary rails or tracks."  (§ 670.)[3]  Under section 670, bicycles like the one Velasquez drove are not "vehicles."  Velasquez therefore contends he cannot be charged with recklessly driving a "vehicle" under section 23103, subdivision (a).

The district attorney counters that Velasquez can be charged with that crime, based on section 21200.[4]  Section 21200, subdivision (a), provides:  "A person riding a bicycle . . . upon a highway has all the rights and is subject to all the provisions applicable to the driver of a vehicle by this division, including, but not limited to, provisions concerning driving under the influence of alcoholic beverages or drugs, and by Division 10 (commencing with Section 20000), Section 27400, Division 16.7 (commencing with Section 39000), Division 17 (commencing with Section 40000.1), and Division 18 (commencing with Section 42000), except those provisions which by their very nature can have no application."

In interpreting section 21200, our primary duty "is to ' "determine and effectuate" ' the Legislature's intent.  [Citation.]  To that end, our first task is to examine the words of the statute, giving them a commonsense meaning.  [Citation.]  If the language is clear and unambiguous, the inquiry ends.  [Citation.]  However, a statute's

---

[3]     Section 670 is in Division 1, Words and Phrases Defined, of the Vehicle Code. "Unless the provision or context otherwise requires, these definitions shall govern the construction of this code."  (§ 100.)

[4]     Sections 21200, 23103, and 23105 are in Division 11, Rules of the Road, of the code.

3

language must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.]" (*Van Horn v. Watson* (2008) 45 Cal.4th 322, 326, fn. omitted, superseded by statute on other grounds as stated in *Ennabe v. Manosa* (2014) 58 Cal.4th 697, 719 & fn. 14.) A specific statute prevails over a more general one on the same subject. (*People v. Ahmed* (2011) 53 Cal.4th 156, 163; *People v. Calderon* (2013) 214 Cal.App.4th 656, 664-665.)

Section 21200 specifically addresses bicyclists, and the section, on its face, is clear. It makes bicyclists like Velasquez "subject to all the provisions applicable to the driver of a vehicle." (§ 21200, subd. (a).) Those "provisions" include section 23103, the reckless driving statute. Therefore, although section 670 generally defines a "vehicle" in a way that excludes bicycles, section 21200 specifies that bicyclists are governed by the same provisions applicable to the driver of a motor vehicle. The specific statute, section 21200, prevails over the general one, section 670.

Velasquez attempts to create tension between section 670 and section 21200 by citing *Clingenpeel v. Municipal Court* (1980) 108 Cal.App.3d 394 (*Clingenpeel*), in which this division took a contrary view of section 21200. *Clingenpeel*, however, interpreted a former version of section 21200. At that time, section 21200 provided: " 'Every person riding a bicycle upon a roadway or any paved shoulder has all the rights and is subject to all the duties applicable to the driver of a vehicle by this division and Division 10 (commencing with Section 20000), except those provisions which by their very nature can have no application.' " (*Clingenpeel,* at p. 399.)

The bicyclist in *Clingenpeel* was charged with operating a "vehicle" while intoxicated, a violation of former section 23102.[5] *Clingenpeel* found that section 23102 was not directly applicable to a bicyclist because of the narrow definition of "vehicle" in section 670. The People countered that section 21200 made the offense of operating a "vehicle" while drunk applicable to bicyclists. (*Clingenpeel*, *supra*, 108 Cal.App.3d at p. 399.)

---

[5]     Section 23102 has been renumbered section 23152.

*Clingenpeel* rejected that argument, based primarily on section 21200's legislative history. Section 21200's predecessor was section 452. Section 452 made bicyclists " 'subject to the provisions of this division applicable to the driver of a vehicle.' " (*Clingenpeel, supra,* 108 Cal.App.3d at p. 399.) Those "provisions" included criminal offenses such as drunk driving. (*Id.* at p. 400.) A 1943 amendment omitted the language subjecting bicyclists to the " 'provisions of this division' " and replaced it with language subjecting bicyclists to all the " 'duties applicable to the driver of a vehicle by this division.' " (*Clingenpeel*, at p. 399.) *Clingenpeel* found that the 1943 amendment rendered section 21200 ambiguous: "If the Legislature had intended to inform cyclists that they would be subject to prosecution and would suffer the same punishments as motorists, it would have been very simple to do so either by simply leaving the section as it was [before the 1943 amendment] or by providing that cyclists 'shall be subject to all of the duties, prohibitions and punishments applicable to the driver of a vehicle.' " (*Clingenpeel,* at p. 400.)

*Clingenpeel* reasoned that section 21200 was ambiguous because it made bicyclists subject only to the rights and duties applicable to a driver of a vehicle " 'by this division and Division 10.' " (*Clingenpeel, supra,* 108 Cal.App.3d at pp. 399, 400.) The section did not incorporate Division 17, which then, as now, contained criminal sanctions for violations of a driver's duties. (§ 40000.1 et seq.; *Clingenpeel,* at p. 400.) By failing expressly to incorporate Division 17, *Clingenpeel* held that imposing the criminal sanction in Division 17 on an intoxicated bicyclist would violate the bicyclist's procedural due process rights. (*Clingenpeel,* at p. 402.)

Our Legislature responded to *Clingenpeel* by amending section 21200 in 1982. The amended section provided:

"(a) Every person riding a bicycle upon a roadway or any paved shoulder shall have all the rights and shall be subject to all the provisions applicable to the driver of a vehicle by this division, which include, but are not limited to, the provisions dealing with driving under the influence of intoxicating liquor or drugs, or the combined influence thereof, Division 10 (commencing with Section 20000), and Division 17 (commencing

5

with Section 40000), except those provisions which by their very nature can have no application.

"(b)  Any person who rides a bicycle upon a highway while under the influence of intoxicating liquor or drugs, or under the combined influence thereof, shall be punished by a fine of not more than two hundred fifty dollars ($250)."**[6]**

This 1982 amendment addressed each concern *Clingenpeel* raised about section 21200.  (See *People v. Fong* (1993) 17 Cal.App.4th Supp. 1, 3 ["[T]he clear legislative intent expressed in section 21200 was to make bicycles subject to the same rules of the road as motor vehicles.  To rule otherwise would inevitably frustrate the manifest purposes of the legislation as a whole and lead to absurd results"].)**[7]**  The 1982 amendment replaced the language the 1943 amendment omitted; namely, the 1982 amendment clarified that bicyclists "shall be subject to all the provisions applicable" to the driver of a vehicle.  (Former § 21200, subd. (a), 1982 version.)  The 1982 amendment spelled out that those "provisions" included "this division" (Division 11) and "Division 17," containing criminal sanctions.  (See, e.g., *Fong*, at Supp. 3 [bicyclist could be convicted of traveling at an unsafe speed in violation of section 22350 in Division 11 of the code].)  And, to make clear that an intoxicated bicyclist is subject to punishment, the 1982 amendment created subdivision (b).

Section 21200's post-*Clingenpeel* legislative history also removes any doubt that bicyclists are generally subject to the same rights and burdens as motorists.  (See generally, *People v. King* (2006) 38 Cal.4th 617, 622 [if the statutory language is reasonably susceptible to more than one interpretation, we may consider various extrinsic

---

**[6]**    In 1985, the Legislature made subdivision (b) of section 21200 into a separate statute, section 21200.5:  "Notwithstanding Section 21200, it is unlawful for any person to ride a bicycle upon a highway while under the influence of an alcoholic beverage or any drug . . . ."  A violation of the section is punishable by a $250 fine.

**[7]**    Appellate department decisions have persuasive value, but they are of debatable strength as precedents and are not binding on higher reviewing courts.  (*Singh v. Superior Court* (2006) 140 Cal.App.4th 387, 401, fn. 12.)

aids, including " ' " 'the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute' " ' "]; see also *In re Derrick B.* (2006) 39 Cal.4th 535, 539.)  Assemblyman Patrick J. Nolan authored the 1982 amendment to section 21200, Assembly Bill No. 1576.  Nolan, after referring to *Clingenpeel*'s suggestion the punitive sections in Divisions 10 and 11 did not apply to bicyclists, said the amendment would "clarify the fact that the actions of bicyclists are governed by the Vehicle Code" and "that the rules of the road apply to bicyclists as well as motorists." (Assemblyman Nolan, sponsor of Assem. Bill No. 1576 (1981-1982 Reg. Sess.), letter to Governor Edmund G. Brown, Jan. 14, 1982.)  According to a legislative analysis, the bill provided "that persons riding bicycles on the roadway will be subject to the same provisions as motor vehicle drivers, and expressly includes those provisions which relate to driving under the influence of intoxicating liquor or drugs.  [¶]  Existing law grants persons riding bicycles all the rights and duties accorded drivers of motor vehicles.  In order to clarify penalty provisions relating to persons riding bicycles under the influence of intoxicating alcohol or drugs, this bill expressly subjects bicycle riders to these penalties." (Legis. Analyst, analysis of Assem. Bill No. 1576 (1981-1982 Reg. Sess.) May 17, 1981, p. 86; see also Legis. Analyst, analysis of Sen. Bill No. 131 (1983-1984 Reg. Sess.) ["The law in 1981 provided that bicyclists were subject to the provisions of Divisions 10 . . . and 11 . . . .  It was assumed at that time that a violation of those provisions would invoke penalty provisions . . . .  However, the courts ruled that drunk driving penalties could not be imposed on bicyclists because they were too severe.  The statute was therefore amended in 1982 to specify that drunk driving provisions and Division 17 . . . apply to Bicyclists"].)

Section 21200 continues substantively unchanged from the 1982 amendment. Section 21200 explicitly makes a bicyclist "subject to all the provisions applicable to the driver of a vehicle," including the provisions of Division 11.  Section 23103, prohibiting reckless driving, and section 23105, delineating the criminal penalties for reckless driving, are in Division 11.  An allegedly reckless bicyclist, such as Velasquez, is therefore subject to those criminal penalties.

7

Velasquez, however, argues it is unfair to subject bicyclists to the same criminal penalties as motorists. Bicyclists and drivers of motor vehicles will often pose different levels of threats by virtue of the contraption they drive. Reckless or intoxicated bicyclists are generally less likely to inflict the " 'carnage and slaughter' " drivers of motor vehicles can inflict. (*Clingenpeel, supra,* 108 Cal.App.3d at pp. 401-402.) But the code contemplates that there may be varying degrees of culpability. Section 21200.5, for example, imposes a lesser sanction of a $250 fine on an intoxicated bicyclist. Sections 23103 and 23105 also create different penalties for reckless drivers ranging from a fine (§ 23103, subd. (c)) to imprisonment for those who proximately cause one or more delineated injuries (§ 23105).

Velasquez, while intoxicated, rode his bicycle and struck Russell with such force that they both lost consciousness, Russell for 10 days. She also sustained broken facial bones and memory loss. Where, as here, it is alleged that a reckless, intoxicated driver of a bicycle inflicted one of the injuries listed in section 23105, section 21200 provides notice that the bicyclist could be subject to the same criminal penalties as a reckless driver of a motor vehicle.

We therefore conclude that Velasquez was properly charged with violating sections 23103 and 23105.

**DISPOSITION**

The petition for writ of prohibition is denied.

**CERTIFIED FOR PUBLICATION**


ALDRICH, J.


We concur:


KLEIN, P. J.


KITCHING, J.