ALDRICH, Acting P.J., Concurring.
I concur with the majority's conclusion that violations of Vehicle Code section 10851 are not eligible for Proposition 47 resentencing under Penal Code section 1170.18.[9] However, I respectfully part company with the majority's analysis in two respects.
First, I agree that consideration of the rule against surplusage is an appropriate consideration in interpreting a statute, and that we may look to other provisions amended or added by Proposition 47 to determine the electorate's intent. (See, e.g., People v. Rodriguez (2012) 55 Cal.4th 1125, 1131, 150 Cal.Rptr.3d 533, 290 P.3d 1143 ; People v. Ruff (2016) 244 Cal.App.4th 935, 944, 198 Cal.Rptr.3d 704.) However, I question whether inclusion of references to both petty theft and Vehicle Code section 10851 in section 666 actually renders the reference to Vehicle Code section 10851 surplusage, as the majority holds. The majority reasons that where the *1115 value of a vehicle is $950 or less, section 490.2 defines auto theft in violation of Vehicle Code section 10851 as petty theft; therefore, inclusion of both Vehicle Code section 10851 and petty theft in the list of enumerated predicate offenses in section 666 is redundant. (Maj. opn., at pp. 470-71.) Assuming arguendo that inclusion of the reference to Vehicle Code section 10851 is surplusage when the vehicle's value is $950 or less, the same cannot be true when a defendant steals a car worth over $950. When the vehicle stolen is valued at over $950, violation of Vehicle Code section 10851 is not properly characterized *475 as petty theft. It is also not grand theft, because Vehicle Code section 10851 does not define, and is not commonly known as, grand theft. Therefore, the inclusion in section 666, subdivision (a) of both "petty theft" and "auto theft under Section 10851 of the Vehicle Code" does not render the latter surplusage. The electorate had to include the reference to Vehicle Code section 10851 in order to cover the circumstance in which the Vehicle Code section 10851 violation was based on the theft of a vehicle valued at over $950.
Second, I disagree with the majority's conclusion that insofar as it punishes unlawfully driving a vehicle (i.e., joyriding or posttheft driving), Vehicle Code section 10851 aims to protect the public, whereas insofar as it punishes vehicle theft, section 10851 was intended to protect individual owners. (Maj. opn., at pp. 473-74.) Vehicle Code section 10851" 'proscribes a wide range of conduct.' " (People v. Garza (2005) 35 Cal.4th 866, 876, 28 Cal.Rptr.3d 335, 111 P.3d 310 (Garza ).) "A person can violate section 10851(a) 'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding).' " (Ibid. ) Here, the majority holds, and I agree, that neither form of violating Vehicle Code section 10851 is an offense eligible for resentencing under section 1170.18. (Maj. opn., at p. 466.) Consequently, the majority's proffered justification for treating the two species of Vehicle Code section 10851 violations differently is unnecessary and, in my opinion, confuses the issues.
Moreover, even if the point was germane, I find no support for the notion that Vehicle Code section 10851, subdivision (a)'s prohibition on joyriding/posttheft driving is intended to protect the public, but the prohibition on vehicle theft is intended to protect individual vehicle owners.[10] Nothing in the Proposition 47 ballot materials presented to the electorate *1116 remotely suggests voters intended to differentiate between thieves and posttheft drivers. The majority cites no authority for its conclusion that Vehicle Code section 10851 punishes joyriders in order to protect the public, whereas it punishes thieves to protect individual vehicle owners. (Maj. opn., at pp. 473-74.) In my view, this distinction is unsupported by authority and unwarranted. By its plain terms, Vehicle Code section 10851, subdivision (a), protects both individual and public interests, regardless of whether the vehicle is taken by a thief or driven by a joyrider.
The majority's reasoning appears to rest on the assumption that joyriders/posttheft drivers present a greater danger to the public than thieves. As noted, unlawfully driving a vehicle with the intent to temporarily deprive the owner of possession is sometimes referred to by the shorthand appellation "joyriding," although the statute itself does not use that term. (Garza, supra, 35 Cal.4th at p. 876, 28 Cal.Rptr.3d 335, 111 P.3d 310 ; see generally *476 People v. Towne (2008) 44 Cal.4th 63, 72, 78 Cal.Rptr.3d 530, 186 P.3d 10.) In the popular imagination, the term "joyriding" may conjure up visions of a wild group of youths recklessly driving a sports car while out on a foolhardy escapade. (See Webster's 3d New Internat. Dict. (2002) p. 1222 [defining "joyride" as a "course of conduct or action marked by a seeking of pleasure with a reckless disregard of cost or consequences" and "a joyride taken esp. in a stolen car without regard for safety or consequences to oneself or others"].) Vehicle Code section 10851, subdivision (a), however, does not define the offense of unlawfully driving a vehicle in this fashion. All that is required is that the defendant unlawfully drive another's vehicle, without consent, with the intent to temporarily deprive. (See Garza, supra, at p. 876, 28 Cal.Rptr.3d 335, 111 P.3d 310 ; People v. O'Dell (2007) 153 Cal.App.4th 1569, 1574, 64 Cal.Rptr.3d 116 ; CALCRIM No. 1820.) There is no requirement that the defendant drive recklessly or cause any danger to the public. Indeed, a defendant can violate the statute even if he or she scrupulously observes all traffic laws and drives cautiously and competently.
The majority avers that persons who drive a vehicle with the intent to temporarily, rather than permanently, deprive the owner of possession also place the public at risk if they use the vehicle to commit another crime. (Maj. opn., at p. 474.) But such conduct is hardly limited to joyriders. It is common knowledge that thieves, as well as joyriders, sometimes steal vehicles and then use them in other crimes. Likewise, both thefts and joyriding may endanger the public, depending on the particular circumstances unique to each case. The thief who races from the scene of the theft in order to avoid apprehension, who is caught in the act of theft and leads police on a high speed chase, or who simply drives recklessly for any number of reasons, presents a danger to the public. So does the joyrider who speeds, breaks the *1117 traffic laws, or spots a nearby police vehicle and flees. Conversely, depending on the circumstances, either a thief or a joyrider may drive in a safe fashion that does not endanger the public. As far as I am aware, it is not a matter of common consensus that joyriders are dangerous, but car thieves are less so. Moreover, there is little or no distinction between thieves and joyriders from the victim's point of view. A victim is deprived of his or her vehicle whether the defendant steals it or simply drives it. In California, where many persons depend on their autos to get to work, school, the grocery store, or the doctor's office, any deprivation of a vehicle may work an extreme hardship. For the foregoing reasons, I respectfully decline to adopt the majority's reasoning.
Despite my disagreement with the majority on these points, I concur that violations of Vehicle Code section 10851 are not eligible for Proposition 47 resentencing under section 1170.18. Section 1170.18 fails to include Vehicle Code section 10851 as one of the enumerated offenses eligible for resentencing. Section 1170.18, subdivision (a) does list section 490.2, and states that a defendant may petition for a recall of sentence "in accordance with" section 490.2. Section 490.2 provides that "obtaining any property by theft" shall be considered petty theft where the property's value does not exceed $950. Section 490.2 does not mention Vehicle Code section 10851, however. In pertinent part, it expressly references only the grand theft statute, section 487. This omission is significant because, unlike statutes that simply prohibit theft, Vehicle Code section 10851 is much broader, applying to defendants who have committed not theft but posttheft driving/joyriding. Thus, section 490.2cannot apply to *477 all violations of Vehicle Code section 10851.
I agree with the majority's conclusion that Vehicle Code section 10851 prevails over section 490.2 because the former is the more specific statute. (See People v. Ahmed (2011) 53 Cal.4th 156, 163, 133 Cal.Rptr.3d 856, 264 P.3d 822 ; People v. Betts (2005) 34 Cal.4th 1039, 1058, 23 Cal.Rptr.3d 138, 103 P.3d 883 ; Velasquez v. Superior Court (2014) 227 Cal.App.4th 1471, 1475, 174 Cal.Rptr.3d 541 ; Code Civ. Proc., § 1859.) Vehicle Code section 10851, subdivision (a) provides that violation of the statute is generally a "wobbler," that is, the offense may be punished alternatively as a felony or a misdemeanor. (See People v. Park (2013) 56 Cal.4th 782, 789 & fn. 4, 156 Cal.Rptr.3d 307, 299 P.3d 1263.) Vehicle Code section 10851, subdivision (b) makes the offense a felony and prescribes specific terms when a defendant takes or unlawfully drives specialized vehicles under certain circumstances, i.e., ambulances, distinctively marked law enforcement or fire department vehicles on emergency calls, and vehicles that have been modified for the use of a disabled veteran or any other disabled person and display a distinguishing placard or plate. Vehicle Code section 10851, subdivision (e) provides that recidivists are punishable as set *1118 forth in section 666.5. Section 490.2 conflicts with these provisions. If section 490.2 applied to Vehicle Code section 10851, theft of a vehicle would no longer be a "wobbler" if the vehicle's value did not exceed $950. A defendant who stole one of the vehicles enumerated in Vehicle Code section 10851, subdivision (b), if valued at $950 or less, could be sentenced only as a misdemeanant, rather than to the two, three, or four year term specified by subdivision (b). A recidivist who stole a vehicle worth less than $950 could not be punished for his or her recidivism, since under section 666.5 both the current and prior crimes must be felonies.
Furthermore, when the Legislature-or here, the voters-"intend[ ] for a statute to prevail over all contrary law, it typically signals this intent by using phrases like 'notwithstanding any other law' or 'notwithstanding other provisions of law.' [Citations.]" (In re Greg F. (2012) 55 Cal.4th 393, 406, 146 Cal.Rptr.3d 272, 283 P.3d 1160.) Here, the electorate included such "notwithstanding" language in regard to section 487 and statutes defining grand theft, but not in regard to Vehicle Code section 10851. This omission suggests the electorate did not intend section 490.2 to apply to Vehicle Code section 10851.
For the foregoing reasons, I concur with the majority's conclusion that convictions for violation of Vehicle Code section 10851 are not eligible for Proposition 47 resentencing pursuant to section 1170.18.

All further undesignated statutory references are to the Penal Code.

The majority states that "[b]y punishing taking or driving a vehicle without the intent to deprive the owner of permanent title or possession, [Vehicle Code] section 10851 addresses dangers to the public." (Maj. opn., at p. ----.) By definition, "taking" a vehicle requires the intent to permanentlydeprive the owner of possession. There can be no "taking" a vehicle under Vehicle Code section 10851, subdivision (a), without the intent to permanently deprive. It is the intent element that distinguishes the two forms of a Vehicle Code section 10851 offense. (See Garza, supra, 35 Cal.4th at p. 876, 28 Cal.Rptr.3d 335, 111 P.3d 310 ["A person can violate section 10851(a) 'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding)' "].)