[No. B192805. Second Dist., Div. Two. Aug. 9, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
RONNIE LEE O'DELL, Defendant and Appellant.

**COUNSEL**

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec and Marc E. Turchin, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BOREN, P. J.—**

## INTRODUCTION

Appellant Ronnie Lee O'Dell was apprehended after he was observed driving a recently stolen pickup truck. A search of his person revealed methamphetamine. He was convicted by jury of the unlawful driving or taking of a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)) and of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). He admitted a prior conviction of Vehicle Code section 10851, subdivision (a), for which he served a prison term, within the meaning of Penal Code sections 666.5 and 667.5, subdivision (b), and was sentenced to four years in prison. He appeals from the judgment.

Appellant contends that the trial court erred in instructing the jury in accordance with Judicial Council of California Criminal Jury Instructions (2006) CALCRIM No. 376 on possession of recently stolen property as evidence of a crime, and that the evidence fails to support his conviction of violating Vehicle Code section 10851, subdivision (a). These contentions lack merit, and we affirm.

## FACTS

At approximately 5:00 a.m. on February 1, 2006, Rodger Mullinix started his 2005 Toyota Tacoma pickup truck, left it running in the driveway of his Saugus area home, and returned inside. When he came back outside five minutes later, the truck was gone. He did not give anyone permission to take his vehicle.

Mullinix's truck was equipped with a LoJack car locator system. At approximately 11:00 a.m., Officer John Lutz of the California Highway Patrol (CHP), who was on patrol in the Santa Clarita area, received a signal on his vehicle's LoJack receiver from the LoJack transmitter within the Toyota truck. The signal contained information that a stolen vehicle was nearby, together with the direction in which it could be found and a code that Officer Lutz communicated to his dispatch center. The dispatch center described the vehicle to Officer Lutz as a Toyota Tacoma truck, and the officer followed the signal to the drive-through window of a Taco Bell restaurant located off Sierra Highway.

In the line of cars at the drive-through, Officer Lutz saw a truck matching the description given by the dispatch center. Appellant was driving the truck. Although the truck had had a camper shell and a numbered license plate at the time it was taken, when Officer Lutz observed the vehicle it had no camper shell and the license plate was a paper, or dealer, plate.

CHP Officer Paul Peterson arrived in the area within moments of a call issued by Officer Lutz. Neither patrol car activated its lights or sirens, and Officer Peterson's car, which was on the street and did not enter the Taco Bell parking lot, did not have a light bar on its roof. As Officer Lutz approached the drive-through exit and came into view, appellant jumped out of the truck and ran across Sierra Highway. Officer Lutz ordered him to stop. Although the officer said nothing about the truck, appellant repeatedly yelled, "I didn't steal the truck, I didn't steal the truck."

Appellant was apprehended shortly thereafter. A search revealed two small baggies of a substance later determined to contain a usable quantity of methamphetamine in appellant's pocket. In a jacket inside the truck was

found a device known as a window punch, which is used to break glass without making excessive noise or glass particles. A keyring holding several vehicle ignition keys and vehicle access remotes was also recovered from the jacket. The jacket did not belong to the truck's owner. Officer Lutz testified that the items found in the jacket are tools commonly used by car thieves; an ignition key for a car made in the 1980's or 1990's might fit another similar model made in the same period.

Antonio Alonso testified on appellant's behalf and claimed that he had stolen the truck. Alonso asserted that he had removed the license plates and the camper shell and that the tools and keyrings found in the truck belonged to him. He stated that he drove the truck to the home of appellant's girlfriend to pick up appellant. When he arrived, he went into the house to take a shower and did not inform appellant that the truck had been stolen. Appellant took the truck to buy cigarettes and sodas.

Alonso acknowledged that he had been convicted of evading an officer and of several theft-related felony offenses, and that he had given investigators inconsistent versions of the events surrounding the theft of the truck. At the time of trial, he was serving a sentence for an unrelated theft-related offense.

## DISCUSSION

### A. *CALCRIM No. 376*

Appellant contends that the delivery of CALCRIM No. 376,[1] which instructed the jury on possession of recently stolen property as evidence of a crime, violated his Sixth Amendment right to have each element of the charged offense proved beyond a reasonable doubt and violated his Fourteenth Amendment right to due process of law. He argues that the instruction shifted

---

[1] CALCRIM No. 376, Possession of Recently Stolen Property as Evidence of a Crime, was delivered as follows:

"If you conclude that the defendant knew he possessed property and you conclude that the property had in fact been recently stolen, you may not convict the defendant of unlawful driving or taking of a vehicle based on those facts alone. However, if you also find that supporting evidence tends to prove his guilt, then you may conclude that the evidence is sufficient to prove he committed the crime of unlawful driving or taking of a vehicle.

"The supporting evidence need only be slight and need not be by itself enough to prove guilt. You may consider how, when and where the defendant possessed property along with any other relevant circumstances tending to prove the truth of the crime.

"Remember that you may not convict the defendant of any crime unless you are convinced that each fact essential to the conclusion that the defendant is guilty of that crime has been proved beyond a reasonable doubt."

Minor differences in language between the instruction as given by the trial court and the standard CALCRIM instruction (Fall 2006 ed.) do not affect our discussion.

the burden of proof to him, permitted the jury to disregard defense evidence of innocent possession, and permitted the jury to draw an impermissible inference of guilt without sufficient basis in fact. Although appellant's trial counsel did not object to this instruction, there is no forfeiture of an instructional issue on appeal where, as here, the issue raised asserts a violation of substantial constitutional rights. (*People v. Smithey* (1999) 20 Cal.4th 936, 976–977, fn. 7 [86 Cal.Rptr.2d 243, 978 P.2d 1171] (*Smithey*).) We thus review the contention on its merits. However, we find that the contention lacks merit.

An appellate court reviews the wording of a jury instruction de novo and assesses whether the instruction accurately states the law. (*People v. Posey* (2004) 32 Cal.4th 193, 218 [8 Cal.Rptr.3d 551, 82 P.3d 755].) The court reviews instructions in context of the entire charge of jury instructions rather than in artificial isolation. (*Smithey, supra,* 20 Cal.4th at pp. 963–964, 978.)

■ To establish a defendant's guilt of violating Vehicle Code section 10851, subdivision (a), the prosecution is required to prove that the defendant drove or took a vehicle belonging to another person, without the owner's consent, and that the defendant had the specific intent to permanently or temporarily deprive the owner of title or possession.[2] (*People v. Green* (1995) 34 Cal.App.4th 165, 180 [40 Cal.Rptr.2d 239] (*Green*).) Knowledge that the vehicle was stolen, while not an element of the offense, may constitute evidence of the defendant's intent to deprive the owner of title and possession. (*Ibid.*)

■ Possession of recently stolen property itself raises a strong inference that the possessor knew the property was stolen; only slight corroboration is required to allow for a finding of guilt. (*People v. McFarland* (1962) 58 Cal.2d 748, 754 [26 Cal.Rptr. 473, 376 P.2d 449] (*McFarland*).) This principle, applicable to theft offenses, applies as well to the unlawful driving of a vehicle. (*Green, supra,* 34 Cal.App.4th at p. 181.)

The language of CALJIC No. 2.15,[3] similar to CALCRIM No. 376, instructed the jury with regard to inferences in accordance with this principle.

---

[2] The prosecution here proceeded on the theory that appellant unlawfully drove the vehicle.

[3] CALJIC No. 2.15, Possession of Stolen Property, provided as follows:

"If you find that a defendant was in [conscious] possession of recently [stolen] [extorted] property, the fact of that possession is not by itself sufficient to permit an inference that the defendant ____ is guilty of the crime of ____. Before guilt may be inferred, there must be corroborating evidence tending to prove defendant's guilt. However, this corroborating evidence need only be slight, and need not by itself be sufficient to warrant an inference of guilt.

"As corroboration, you may consider [the attributes of possession—time, place and manner,] [that the defendant had an opportunity to commit the crime charged,] [the defendant's conduct,] [[his] [her] false or contradictory statements, if any,] [and] [or] [other statements [he] [she] may have made with reference to the property] [a false account of how [he] [she]

(*People v. Anderson* (1989) 210 Cal.App.3d 414, 420–421 [258 Cal.Rptr. 482] (*Anderson*).) CALJIC No. 2.15 was repeatedly approved in the face of constitutional challenges. (*People v. Holt* (1997) 15 Cal.4th 619, 676–677 [63 Cal.Rptr.2d 782, 937 P.2d 213] (*Holt*); *People v. Johnson* (1993) 6 Cal.4th 1, 37–38 [23 Cal.Rptr.2d 593, 859 P.2d 673] (*Johnson*), disapproved on other grounds in *People v. Rogers* (2006) 39 Cal.4th 826, 879 [48 Cal.Rptr.3d 1, 141 P.3d 135]; *Anderson, supra,* at pp. 426–432; see *McFarland, supra,* 58 Cal.2d at pp. 755–756.)

Effective January 1, 2006, the Judicial Council of California adopted the California Criminal Jury Instructions (CALCRIM), revising the criminal jury instructions to simplify their language and make them more accessible to lay jurors. CALCRIM No. 376 uses language which is very similar to the language of CALJIC No. 2.15. Contrary to appellant's assertion, there is no critical difference in CALJIC No. 2.15's use of the word "corroborating" and CALCRIM No. 376's use of the more common word "supporting." "Corroborate" means "to support with evidence or authority: to make more certain." (Webster's Collegiate Dict. (10th ed. 1995) p. 261.) "Support" means "to provide with substantiation: corroborate." (Webster's Collegiate Dict., *supra,* at p. 1184.) In the context of the instruction, the words are synonyms. The difference between the two instructions is that the CALCRIM instruction is easier to understand; it does not alter the underlying law in any way.

 Our Supreme Court has indicated that the slight corroboration that permits an inference that the possessor knew that the property was stolen may consist of no explanation, of an unsatisfactory explanation, or of other suspicious circumstances that would justify the inference. (*McFarland, supra,* 58 Cal.2d at p. 754.) However, appellant contends that CALCRIM No. 376 should be given only in instances of unexplained possession of the stolen item.

Citing *Barnes v. United States* (1973) 412 U.S. 837 [37 L.Ed.2d 380, 93 S.Ct. 2357] (*Barnes*), appellant argues that the common law rule permits an inference of guilt from unexplained recent possession of stolen goods, and because the challenged instruction removes the requirement that the possession be unexplained, the instruction therefore shifts the burden of proof. He asserts that the jury must be informed that the inference of guilt does not apply unless the prosecution proves the lack of a satisfactory explanation beyond a reasonable doubt, and that the jury may not make an inference of guilt from the possession of recently stolen property if the defendant gives a reasonable explanation of the circumstances of possession or gives evidence of innocent acquisition. Under CALCRIM No. 376, he argues, the jury has

---

acquired possession of the stolen property] [any other evidence which tends to connect the defendant with the crime charged]."

the option of completely disregarding the defendant's explanation, however plausible or compelling, and it could find the defendant guilty based on evidence of possession plus facts not rising above mere suspicion.

■ A substantially similar challenge to CALJIC No. 2.15 was rejected in *People v. Williams* (2000) 79 Cal.App.4th 1157 [94 Cal.Rptr.2d 727] (*Williams*). The court there stated as follows: "*Barnes* does not suggest that the failure to explain possession of recently stolen property is a constitutionally mandated foundational requirement for drawing an inference of guilt. Nor does *Barnes* suggest that no circumstances other than the lack of an explanation can combine with conscious possession of recently stolen property to support an inference of guilt. Rather, as CALJIC No. 2.15 acknowledges, an inference of guilt may rationally arise from the concurrence of conscious possession and many other circumstances. For example, where the evidence supports a finding that an arrestee had stolen property in his pocket a short time after a robbery and that the arrestee was seen approaching the victim a short time before the robbery, the inference of guilt is reasonable, if not compelling, regardless of whether or not the arrestee explained how he obtained the property. Moreover, this inference is reasonable even if the arrestee gives a plausible explanation for having the property. In our view, CALJIC No. 2.15 correctly prohibits the jury from drawing an inference of guilt solely from conscious possession of recently stolen property but properly permits the jury to draw such an inference where there is additional corroborating evidence. As long as the corroborating evidence together with the conscious possession could naturally and reasonably support an inference of guilt, and that inference is sufficient to sustain a verdict beyond a reasonable doubt, we discern nothing that lessens the prosecution's burden of proof or implicates a defendant's right to due process. Indeed, CALJIC No. 2.15 has repeatedly withstood challenges on the grounds that it lessens the burden of proof or otherwise denies a defendant due process of law. [Citations.]" (*Williams, supra,* at pp. 1173–1174.)

The corroborative evidence need not independently establish an inference of guilt. (*Anderson, supra,* 210 Cal.App.3d at p. 432.) Moreover, contrary to appellant's argument, allowing the jury to *disbelieve* a defendant's version of events is not the same as permitting the jury to *disregard* his or her explanation. CALCRIM No. 376 does not suggest that the jury may ignore a defendant's evidence. (*Smithey, supra,* 20 Cal.4th at pp. 978–979.) It is for the jury to decide whether to make an inference of guilt based upon the totality of the evidence presented. (*McFarland, supra,* 58 Cal.2d at p. 755.)

■ The corroborating evidence here, appellant's unprovoked flight from the police and his protestations that he had not stolen the truck, when the officer said nothing about the vehicle, rationally supported an inference of

guilt when considered with appellant's presence in the recently stolen vehicle. (*Smithey, supra,* 20 Cal.4th at p. 978; *Holt, supra,* 15 Cal.4th at p. 677; *Johnson, supra,* 6 Cal.4th at pp. 37–38.) The instructions repeatedly informed the jury that each element of the offense must be proved beyond a reasonable doubt, and thus the giving of CALCRIM No. 376 did not remove the issue of intent from the jury. (*Smithey, supra,* at pp. 978–979; *Holt, supra,* at p. 677; *Johnson, supra,* at p. 37.) CALCRIM No. 376 itself accurately describes the law regarding mental state inferences to be drawn from possession of stolen property. The instruction did not infringe on appellant's constitutional rights.

### B. *Sufficiency of the Evidence*

An appellate court reviewing a conviction for sufficiency of the evidence must determine " 'whether from the evidence, including all reasonable inferences to be drawn therefrom, there is any substantial evidence of the existence of each element of the offense charged.' " (*People v. Crittenden* (1994) 9 Cal.4th 83, 139, fn 13 [36 Cal.Rptr.2d 474, 885 P.2d 887].) " 'To determine the sufficiency of the evidence to support a conviction, an appellate court reviews the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citations.]" (*People v. Jurado* (2006) 38 Cal.4th 72, 118 [41 Cal.Rptr.3d 319, 131 P.3d 400].)

Appellant contends that there was insufficient evidence to support the conviction of violating Vehicle Code section 10851, subdivision (a). Specifically, he argues that no rational trier of fact could have found that he knew that the truck was stolen or that he possessed the requisite intent to deprive the owner of possession. This contention lacks merit.

■ The specific intent to deprive the owner of possession of his vehicle " 'may be inferred from all the facts and circumstances of the particular case.' " (*Green, supra,* 34 Cal.App.4th at p. 181.) The prosecution presented evidence that appellant, who had been observed driving the stolen vehicle, fled from police officers even though they did not turn on lights or sirens and were not approaching him or his vehicle directly. Appellant repeatedly yelled to the pursuing officer, "I didn't steal the truck," while engaging in the unprovoked flight. A rational trier of fact could have inferred that appellant knew the truck was stolen when he drove it, based upon the circumstances of his flight and statements he made to the police. This inference, together with the evidence that tools commonly used by vehicle thieves were found in the jacket in the truck, could well have convinced a rational trier of fact that appellant entertained the requisite intent.

Although defense witness Alonso claimed that he, not appellant, had stolen the truck and that he did not tell appellant it was a stolen vehicle, Alonso acknowledged several prior convictions involving theft and admitted having made prior inconsistent statements about events surrounding the stolen truck. Under these circumstances, the jury might reasonably have discredited his testimony. On this record, substantial evidence supports the conviction. (*Green, supra*, 34 Cal.App.4th at pp. 181–182.)

## DISPOSITION

The judgment is affirmed.

Doi Todd, J., and Ashmann-Gerst, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 31, 2007, S156232.