Filed 6/24/13  P. v. Magallanes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C069727 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF112565, F070048, F083151) |
| v. | |
| OLIVIA MAGALLANES, | |
| Defendant and Appellant. | |

A jury convicted defendant Martha Magallanes of taking and receiving a stolen vehicle.  On appeal, she challenges the sufficiency of the evidence to support the verdicts on both counts.  We affirm.

**FACTS AND ANALYSIS**

The limited scope of appellate review of an insufficiency of the evidence claim is well known.  From a review of the entire record, we must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  (*People v. Johnson* (1980) 26 Cal.3d 557, 576.)  We must review the evidence in the light most favorable to the prosecution and presume the existence of every fact the

1

trier of fact could reasonably deduce from the evidence in support of the judgment. (*Id.* at pp. 576-577.) We are not at liberty to substitute our assessment of the evidence for that of the jury. (*People v. Ceja* (1993) 4 Cal.4th 1134, 1139.) With these principles in mind, we cite the facts the jury could reasonably deduce from the evidence offered by the prosecution.

Bonaficia Sierra owned a Chevrolet Tahoe and a Toyota Corolla, both of which were parked in her driveway when she went to sleep around 10:30 p.m. on June 1, 2011. She hung one set of keys on a hook inside the house. At approximately 3:00 a.m., her sister, who lived with her and worked nights, called her to inquire where the Tahoe was. Sierra and her husband investigated and discovered their car was missing. They concluded they must have left their garage door open. Sierra called the police.

While they waited for the police to arrive, they heard a car pull into their court, which was unusual at that hour. Sierra watched a Chevy Blazer pull into her driveway and an African American male attempt to get into her Toyota Corolla. She stepped into the garage and asked the couple who arrived in the Blazer what they were doing there. The woman responded, "What are you doing?" Sierra closed the garage and went back into the house. Her sister was also watching from a window in a bedroom close to the driveway. Defendant and her male companion drove away. Defendant was driving.

When the police arrived, Sierra and her sister both gave descriptions of the two people they saw in their driveway. According to Sierra, she described defendant as a heavyset Hispanic woman who wore her hair in a bun. According to the investigating police officer, Sierra described the woman as African American. She changed the police report to indicate that the female suspect was Hispanic and not African American. Her sister described the woman as African American and "heavy." She too said the woman wore her hair in a bun.

Less than 24 hours later, Sierra was notified her Tahoe had been found in West Sacramento. Sierra and her sister went to retrieve it. To their surprise, they were asked

to make an in-field identification. Defendant and an African American woman were sitting in the back of a patrol car. Separately, Sierra and her sister identified defendant as the woman they had seen in their driveway. Sierra recognized her voice. Neither had seen the other woman before the previous morning.

The police officer who found the car and detained the occupants testified at trial. He explained that when he approached the vehicle, defendant was standing on the step bar on the driver's side rummaging through her purse, with the key to the vehicle lying on the driver's seat. Defendant told him that her first name was Olivia but denied that her last name was Magallanes. He confiscated mail addressed to her and photos of her from the passenger compartment.

In short, two witnesses identified defendant as the woman they saw in their driveway in the middle of the night, defendant was later apprehended with the stolen vehicle and with indicia that she was the driver, and she gave false information to the police officer. Although the parties agree on the elements of the crimes and the need for only "slight corroboration," defendant insists there is not substantial evidence to constitute slight corroboration that she knew the vehicle was stolen and intended to deprive Sierra of her car, either temporarily or permanently. We disagree.

The jury convicted defendant of taking and receiving a stolen vehicle and acquitted her of burglary. The elements of theft include: 1) the taking or driving of a vehicle belonging to another; 2) the owner had not consented to the taking or driving; and 3) the accused had the specific intent to deprive the owner either permanently or temporarily of the owner's title to or possession of the vehicle. (Veh. Code, § 10851, subd. (a); *People v. O'Dell* (2007) 153 Cal.App.4th 1569, 1574.) Once the unlawful taking has been established, the defendant's possession of the recently taken vehicle requires only slight corroboration to prove guilt. (*People v. Green* (1995) 34 Cal.App.4th 165, 181.)

Similarly, receiving a stolen vehicle requires proof that the vehicle was stolen, the defendant was in possession of it, and that the defendant knew it was stolen. (*People v. Reyes* (1997) 52 Cal.App.4th 975, 984.) "[P]roof of knowing possession by a defendant of recently stolen property raises a strong inference of the other element of the crime: the defendant's knowledge of the tainted nature of the property. This inference is so substantial that only 'slight' additional corroborating evidence need be adduced in order to permit a finding of guilty. [Citation.]" (*People v. Anderson* (1989) 210 Cal.App.3d 414, 432.)

No one disputes that the car was stolen and the owner was deprived of its possession without her consent. The issue is whether there was substantial evidence that defendant knew it was stolen when she drove it and intended to deprive Sierra of possession. Because defendant was apprehended in possession of a stolen vehicle at 4:00 o'clock the morning following the theft, only slight corroboration is necessary. We conclude the evidence and the reasonable inferences to be drawn from the evidence were more than ample to corroborate the evidence of her knowledge and intent since she was identified by Sierra and her sister as one of the two people in the driveway shortly after the car was taken, she appeared to be the driver since she was standing on the driver's side with the key in close proximity, and she provided false information about her identity to the investigating police officer. Beyond providing her first name, she was otherwise uncooperative.

Defendant challenges the use of evidence that she was identified in the driveway because the jury acquitted her of burglary. But burglary involves additional elements the jury might have reasonably concluded the prosecution had not proven beyond a reasonable doubt. To convict her of burglary, the prosecution had to prove that she entered the residence with the intent to commit a felony. Yet there was no evidence that the African American male or defendant had entered through the garage and into the house to retrieve the keys to the vehicles, which hung on a hook inside the door to the

4

garage. Thus, the fact the jury acquitted defendant of burglary does not mean it disbelieved Sierra's and her sister's identifications of defendant as present in the middle of the night in their driveway; rather, it simply means the jury was not convinced beyond a reasonable doubt that she was the one that entered with a felonious intent.

Defendant's argument on appeal is nothing more than a repeat of the argument she made to the jury below. It was the jury's prerogative, not ours, to determine how credible Sierra's and her sister's identifications were, and to draw the inferences it deemed reasonable from the evidence that she was at the scene of the taking, she was driving a stolen vehicle without permission, she was apprehended in the middle of the night with the stolen vehicle within approximately 24 hours of the theft, and she was not forthcoming about who she was or why she was in possession of a stolen vehicle. We reject defendant's argument that there was not substantial evidence to corroborate her guilt of theft and receiving stolen property.

## DISPOSITION

The judgment is affirmed.


                                                          RAYE          , P. J.



We concur:



      NICHOLSON     , J.



      DUARTE        , J.


5