An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID HANO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64832

**FILED**

JAN 1 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of possession of a stolen motor vehicle and one count of possession of tools commonly used for commission of grand larceny of an automobile. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Appellant David Hano argues that: (1) sufficient evidence does not support his conviction for possession of a stolen white Ford F350, (2) the district court abused its discretion in refusing to admit an alternative suspect's judgment of conviction, (3) the district court erred in failing to declare a mistrial sua sponte when the jury indicated that it could not reach a unanimous verdict, (4) a new sentencing hearing should be held before a different judge, and (5) he should not have been adjudicated as a habitual criminal because his prior offenses were non-violent.

Hano contends that the evidence presented at trial was insufficient to support the jury's finding of guilt. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by any rational trier of fact. *See Jackson*

*v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). Keys to the stolen Ford F350 were found on Hano's person during the search incident to his arrest for the theft of a red Ford F250, which he conceded having stolen. The F350's owner did not willingly give the keys or any right of possession to the F350 to Hano. Both trucks were stolen at night, false license plates were used to conceal each theft, and distinguishing exterior accessories were removed from each stolen vehicle as evidence of a common plan to steal Ford F-series trucks.

The jury could reasonably infer from the evidence presented that Hano constructively possessed the white Ford F350 with knowledge that the vehicle was stolen. *See* NRS 205.273(1)(b); *cf. Webster v. Woodford*, 369 F.3d 1062, 1072 (9th Cir. 2004) (holding that a robbery victim "clearly had constructive possession of the car at the time he was attacked by virtue of having the keys to the vehicle"); *United States v. Brett*, 872 F.2d 1365, 1369 & n.3 (8th Cir. 1989) (holding that possessing a key establishes dominion or control to impute constructive possession and noting that "every other circuit to address this issue agrees that the holder of the key, be it to the dwelling, vehicle or motel room in question, has constructive possession of the contents therein"); *People v. O'Dell*, 64 Cal. Rptr. 3d 116, 120 (Ct. App. 2007) ("Possession of recently stolen property itself raises a strong inference that the possessor knew the property was stolen; only slight corroboration is required to allow for a finding of guilt."). Circumstantial evidence is enough to support a conviction. *Lisle v. State*, 113 Nev. 679, 691-92, 941 P.2d 459, 467-68 (1997), *holding limited on other grounds by Middleton v. State*, 114 Nev. 1089, 1117 n.9, 968 P.2d 296, 315 n.9 (1998). Although the evidence was not

overwhelming, we conclude that sufficient evidence was present for any rational trier of fact to find Hano guilty of possessing the stolen Ford F350.

Hano argues that the district court abused its discretion in refusing to admit the judgment of conviction of a certain person because this evidence would have been relevant to his alternative-perpetrator defense. "A district court's decision to admit or exclude evidence will not be reversed on appeal unless it is manifestly wrong." *Archanian v. State*, 122 Nev. 1019, 1029, 145 P.3d 1008, 1016 (2006). "[R]elevant evidence" is any evidence that "[tends] to make the existence of any fact that is of consequence to the determination of the action more or less probable." NRS 48.015. The record, however, reflects that two witnesses for the State acknowledged that the purported alternative perpetrator was a convicted car thief and this point was never challenged. As the alternative suspect's prior conviction was not disputed, admission of the judgment of conviction would not make the individual's status as a convicted car thief more probable, especially insofar as it would be of consequence to the disposition. Further, to the extent that Hano sought to introduce the judgment of conviction to show that the alternative suspect acted in conformity therewith, that evidence would be inadmissible under NRS 48.045(2). We conclude that the district court was not manifestly wrong in excluding the judgment of conviction.

Hano argues that the district court should have ordered a mistrial sua sponte when the jury foreman reported that the jury was not unanimous on the F350 count and that the holdout juror was firm and sincere in his position. The district court has discretion to determine whether to order a mistrial, and we review such a determination for an

abuse of that discretion. *Rudin v. State*, 120 Nev. 121, 142, 86 P.3d 572, 586 (2004). If the defendant does not move for a mistrial, the district court must find that manifest necessity compels a mistrial to permit retrial without violating double jeopardy. *Id.* Hano did not move for a mistrial, and his counsel declined to object to the jury's continued deliberation. The district court asked the foreman whether the jury might be able to reach unanimity and directed deliberations to recommence after the foreman acknowledged that further deliberations might be successful. The jury's subsequent unanimous verdict suggests that it was not irreconcilably deadlocked. Thus, we conclude that the district court properly exercised its discretion. *See Benson v. State*, 111 Nev. 692, 698, 895 P.2d 1323, 1328 (1995) (concluding that trial judges must not "foreclose the defendant's option until a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings" (internal quotation marks omitted)).

Hano argues that Nevada law should be changed by limiting adjudication as a habitual criminal to violent criminals. The adjudication as a habitual criminal is "subject to the broadest kind of judicial discretion." *Tanksley v. State*, 113 Nev. 997, 1004, 946 P.2d 148, 152 (1997) (internal quotation marks and citations omitted). The habitual criminal statute does not classify the type of felony convictions necessary to trigger its application. NRS 207.010. Hano does not cite any authority compelling this court to change state law or invalidate NRS 207.010. We note that Hano has been convicted of four prior felonies and, thus, was subject to adjudication under the large habitual statute. NRS 207.010(1)(b). We conclude that the district court did not abuse its

discretion in imposing its sentence and deny the request to change Nevada law on habitual-criminal adjudication.

Having considered Hano's contentions and concluding that they are without merit, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Parraguirre

_____, J.       _____, J.
Douglas                            Cherry

cc:   Hon. Jerome Polaha, District Judge
      David Kalo Neidert
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk

_____

[1]Hano requests resentencing by a different judge if he is granted relief on any of his claims. As we perceive no error by the district court, resentencing is not warranted, and we deny this request.