Filed 2/5/16  In re H.O. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re H.O., a Person Coming Under the Juvenile Court Law. | B263389 (Los Angeles County Super. Ct. No. NJ27633) |
| THE PEOPLE, Plaintiff and Respondent, v. H.O., Minor and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, John C. Lawson, II, Judge.  Affirmed.

Holly Jackson, under appointment by the Court of Appeal, for Minor and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

The juvenile court sustained the allegations of a petition filed by the District Attorney of Los Angeles County alleging defendant and appellant H.O. committed the crime of driving or taking a vehicle without the owner's consent (Veh. Code, § 10851 subd. (a)$^1$). H.O. argues the order sustaining the petition and declaring H.O. a ward of the court (Welf. & Inst. Code, § 602) should be reversed because the evidence was insufficient to prove he had the specific intent to deprive the vehicle's owner of the vehicle. We affirm.

## FACTS

Sometime between about 5:00 p.m. and 11:00 p.m., on February 8, 2015, Armando Lopez's 2000 Chevy Silverado vehicle was stolen. The vehicle had been parked on the street in the front of Lopez's yard. Lopez did not give H.O. permission to take or drive the car. After discovering the vehicle was stolen, Lopez filed a stolen vehicle report stating the vehicle's license plate number.

At about 3:35 p.m. on February 9, 2015, Los Angeles Police Department (LAPD) Officer Luis Carmona was in the area of Lopez's home when he observed a Silverado drive through a stop sign. Officer Carmona's partner entered the Silverado's license plate number into the mobile computer and determined the vehicle had been reported stolen. The license plate number for the Silverado was the same license plate number as that of Lopez's stolen vehicle.

Shortly after 3:35 p.m., LAPD Officer Maura Cooney saw the Silverado stopped at a red light. Officer Cooney's attention was attracted to the Silverado because "[a]nother [police] unit" determined it was a stolen vehicle. Officer Cooney identified H.O. as the driver of the Silverado.

H.O. parked along a street curb. Officer Cooney stopped the patrol vehicle and, with the doors of her vehicle open, she waited for other units to arrive. While H.O. was

---

[1] All statutory citations are to the Vehicle Code unless otherwise noted.

seated in the driver's seat of the Silverado, H.O. "kept looking back" over his left shoulder. H.O. exited the Silverado, made eye contact with Officer Cooney and her partner, and walked away from the vehicle. Officer Cooney and her partner detained H.O.

## DISCUSSION

### A.      Standard of Review

On an appeal challenging the sufficiency of the evidence to support a juvenile court judgment sustaining the allegations of a petition, the appellate court "'must apply the same standard of review applicable to any claim by a criminal defendant challenging the sufficiency of the evidence to support a judgment of conviction on appeal.'" (*In re Cesar V.* (2011) 192 Cal.App.4th 989, 994.) "[T]he critical inquiry is 'whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.]" (*In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1371.) We "'review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citations.]" (*Id.* at p. 1371.)

### B.      Analysis

The juvenile court found true that H.O. violated section 10851, subdivision (a). That section provides, "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense . . . ." Thus, the elements of the offense are: the defendant drove or

3

took a vehicle belonging to another person; without the owner's consent; and with specific intent to permanently or temporarily deprive the owner of title or possession. (*People v. O'Dell* (2007) 153 Cal.App.4th 1569, 1574.) H.O. challenges the sufficiency of the evidence as to the third element—whether he had specific intent to deprive the vehicle's owner of title or possession.

Criminal intent """may be inferred from all the facts and circumstances of the particular case.""" (*People v. O'Dell*, *supra*, 153 Cal.App.4th at p. 1577.) "Once the unlawful taking of the vehicle has been established, possession of the recently taken vehicle by the defendant with slight corroboration through statements or conduct tending to show guilt is sufficient to sustain a conviction of Vehicle Code section 10851. [Citation.]" (*People v. Clifton* (1985) 171 Cal.App.3d 195, 200; *People v. Green* (1995) 34 Cal.App.4th 165, 181.) "[K]nowledge that the vehicle was stolen is not an element of the offense. Such knowledge is merely one of various alternative factors evidencing an intent to deprive the owner of title and possession. [Citation.]" (*People v. Green, supra,* 34 Cal.App.4th at p. 180.)

Defendant had possession of the vehicle less than 24 hours after it was stolen. Defendant drove the vehicle, and then parked it along a street curb. Officer Cooney testified that, while her patrol car was parked with the doors open, defendant "kept looking back over his left shoulder, [while] still inside the vehicle." Officer Cooney stated H.O. exited the parked vehicle, made eye contact with the officer and her partner, and walked away from the vehicle. Defendant's conduct of repeatedly looking over his shoulder and attempting to walk away from the vehicle in the presence of the waiting officers indicated a consciousness of guilt. Sufficient evidence supports the juvenile court's determination that H.O violated section 10851, subdivision (a).

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.[*]

We concur:

TURNER, P. J.

BAKER, J.

---

[*]     Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.