Filed 9/15/16  P. v. Harrelson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068969 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN325418) |
| JOHN ANTHONY HARRELSON, | ORDER MODIFYING OPINION |
| Defendant and Appellant. | **[CHANGE IN JUDGMENT]** |

THE COURT:

It is ordered that the opinion filed herein on September 9, 2016, be modified as follows:

On page 16, the disposition paragraph is deleted and replaced with the following:

"The judgment is reversed as to the kidnapping conviction, but is otherwise affirmed.  The cause is remanded for further proceedings. The People shall inform the superior court within 30 days of the date of the remittitur whether the People intend to retry defendant on the kidnapping count.  If the People decline to retry defendant on the

kidnapping count, the superior court shall resentence defendant on the carjacking conviction and any applicable enhancements."

**There is a change in the judgment.**

HUFFMAN, Acting P. J.

Copies to:  All parties

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JOHN ANTHONY HARRELSON, Defendant and Appellant. | D068969 (Super. Ct. No. SCN325418) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Affirmed in part, reversed in part.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant of kidnapping and carjacking after he drove away in a car in which a 13-year-old girl was sitting in the backseat. Defendant let the victim out of the car about 242 feet from where he took it. On appeal, defendant challenges the sufficiency of the evidence supporting the jury's finding on the asportation element of kidnapping. He also contends the trial court erred by not instructing the jury sua sponte (1) to consider whether his movement of the victim was merely incidental to his taking of the car so as to defeat the asportation element, and (2) regarding false imprisonment as a lesser included offense of kidnapping. Alternatively, defendant contends his counsel's failure to request jury instructions on these points constituted constitutionally inadequate representation.

We conclude substantial evidence supports the jury's finding regarding asportation. However, we also conclude the trial court erred prejudicially by not instructing the jury to consider whether defendant's movement of the victim was merely incidental to his taking of the car. We reverse the judgment on the kidnapping count on this basis, and need not reach defendant's remaining arguments. In all other respects, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

*Prosecution Case*

On July 27, 2013, at about 7:40 a.m., Gilbert F. drove his son and 13-year-old daughter (Gretchen) to a bagel shop in a shopping center in Oceanside. Gilbert and his son got out of the car and went into the bagel shop, while Gretchen stayed in the backseat

2

listening to music and using a social media application on her cell phone. Gilbert took the key fob for his car's keyless ignition with him, but left the engine running.

About one minute later, defendant opened the driver's door of the car and got in. Defendant looked over his shoulder to back out, and saw Gretchen. She asked defendant what he was doing, to which he responded, "I'm taking this car." Gretchen said, "You can't take this car," but defendant insisted, "I'm taking this car." Defendant backed out of the parking space and began driving through the parking lot toward an intersection that leads to a freeway on-ramp.

Gretchen feared for her safety. As defendant drove through the parking lot at a speed "slightly less than racing," Gretchen partially opened the car door in contemplation of escaping. When the car approached the intersection that leads to the on-ramp, defendant stopped abruptly and said, "Get out if you're going to get out." Gretchen got out of the car without her shoes on, saw defendant drive off, then walked barefoot back to the bagel shop and told her father what had just happened. The ordeal lasted "[a]bout a minute and a half to two minutes," and Gretchen traveled about 242 feet in the car with defendant.

About one week later, a patrol officer located Gilbert's car in a residential area less than one mile from the bagel shop. The battery was missing, and there was minor damage to the car's exterior. Defendant's DNA was found on the car's gearshift, and Gretchen identified defendant in a photographic lineup.

3

*Defense Case*

Defendant testified in his own defense. He denied taking the car or Gretchen. He claimed his only contact with the car occurred after he observed it abandoned in the residential area. He admitted he stole the battery from it after the battery in his own car died.

*Information, Jury Verdict, and Sentencing*

Defendant was charged by amended information with kidnapping a victim under 14 years of age (Pen. Code,[1] §§ 207, subd. (a), 208, subd. (b)), and carjacking (§ 215, subd. (a)). A jury convicted defendant on both counts.

Defendant admitted one felony strike prior conviction allegation, one prior serious felony conviction allegation, two prison prior conviction allegations, and one out-on-bail enhancement allegation. The trial court sentenced defendant to 21 years.

DISCUSSION

I. *Relevant Principles Regarding Kidnapping*

"Generally, to prove the crime of kidnapping, the prosecution must prove three elements: (1) a person was unlawfully moved by the use of physical force or fear; (2) the movement was without the person's consent; and (3) the movement of the person was for a substantial distance." (*People v. Jones* (2003) 108 Cal.App.4th 455, 462 (*Jones*);

---

[1] Undesignated statutory references are to the Penal Code.

4

§ 207, subd. (a).)[2] This last element—movement for a substantial distance—is known as " 'asportation.' " (*People v. Bell* (2009) 179 Cal.App.4th 428, 435 (*Bell*).)

Historically, "the 'actual distance' the victim was moved was the sole factor for determining whether the evidence showed asportation for purposes of simple kidnapping." (*Bell, supra*, 179 Cal.App.4th at p. 436; see *People v. Stanworth* (1974) 11 Cal.3d 588, 601, 603; *People v. Caudillo* (1978) 21 Cal.3d 562, 572, 574; *People v. Martinez* (1999) 20 Cal.4th 225, 234 (*Martinez*).) However, in *Martinez,* a case involving the simple kidnapping of a victim under the age of 14, the California Supreme Court clarified that in determining whether movement of the victim is " ' "substantial in character," ' " the trier of fact is not confined to considering only the actual distance moved, but rather, "should consider the totality of the circumstances." (*Martinez*, at p. 237.) "Thus, in a case where the evidence permitted, the jury might properly consider not only the actual distance the victim is moved, but also such factors as whether that movement increased the risk of harm above that which existed prior to the asportation, decreased the likelihood of detection, and increased both the danger inherent in a victim's foreseeable attempts to escape and the attacker's enhanced opportunity to commit additional crimes." (*Ibid.*) The *Martinez* court emphasized, however, "that contextual

---

2      Section 207, subdivision (a) defines kidnapping in relevant part as follows: "Every person who forcibly, or by any other means of instilling fear, steals or takes, or holds, detains, or arrests any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping." Additionally, section 208, subdivision (b) prescribes the punishment "[i]f the person kidnapped is under 14 years of age at the time of the commission of the crime."

factors, whether singly or in combination, will not suffice to establish asportation if the movement is only a very short distance." (*Ibid*.)

The *Martinez* court added: "In addition, in a case involving an associated crime, the jury should be instructed to consider whether the distance a victim was moved was incidental to the commission of that crime in determining the movement's substantiality." (*Martinez, supra*, 20 Cal.4th at p. 237; see *In re Earley* (1975) 14 Cal.3d 122, 129, fn. 9 ["When an 'associated crime' *is* involved, there can be no violation of section 207 unless the asportation is more than incidental to the commission of that crime."].) An " 'associated crime' " is "*any* criminal act the defendant intends to commit where, in the course of its commission, the defendant also moves a victim by force or fear against his or her will. It is not more complicated than that." (*Bell, supra*, 179 Cal.App.4th at pp. 438-439.)

## II. *Substantial Evidence*

Defendant contends there was insufficient evidence to support a finding of asportation or that the kidnapping was more than incidental to his taking of the car. We disagree.

### A. *Standard of Review*

" 'The standard of appellate review for determining the sufficiency of the evidence is settled. On appeal, " 'we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.]" [Citation.] In conducting

6

such a review, we " 'presume[] in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' [Citation.]" [Citations.] "Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence." ' " (*People v. Harris* (2013) 57 Cal.4th 804, 849.)

"If our review of the record shows that there is substantial evidence to support the judgment, we must affirm, even if there is also substantial evidence to support a contrary conclusion and the jury might have reached a different result if it had believed other evidence." (*People v. Riley* (2015) 240 Cal.App.4th 1152, 1165-1166 (*Riley*).)

### B. *Asportation*

Considering " 'the totality of the circumstances' " (*Martinez, supra*, 20 Cal.4th at p. 237), we conclude substantial evidence supports the jury's finding of asportation. Although section 207 "does not speak in terms of a movement of any specific or exact distance" (*Martinez*, at p. 236), the jury could reasonably conclude the actual distance defendant moved Gretchen—242 feet—is substantial, particularly in light of the contextual factors identified in *Martinez*. (See, e.g., *People v. Stender* (1975) 47 Cal.App.3d 413, 423 [finding movement of 200 feet substantial under pre-*Martinez* standard, particularly where the movement "accomplished the purpose of removing the victim from the ready help of her mother"].) The jury could reasonably infer that by driving Gretchen away from the bagel shop—and her father and brother—and toward the

7

freeway on-ramp, defendant decreased his risk of detection, increased the risk of harm to Gretchen, and enhanced his opportunities to commit additional crimes. Further, defendant's act of driving through the parking lot at a speed "slightly less than racing" increased the danger inherent in Gretchen's foreseeable attempts to escape. Indeed, Gretchen so feared for her safety that she partially opened the car door as defendant sped through the parking lot. Thus, substantial evidence supports the jury's finding of asportation.

### C. *Movement Incidental to an Associated Crime*

Substantial evidence also supports the jury's finding that defendant's movement of Gretchen was more than incidental to his taking of her father's car. Although the evidence may be susceptible to defendant's preferred interpretation—an issue we address below in the context of instructional error—the substantial evidence review standard asks only whether substantial evidence supports the fact finder's determination. (*Riley, supra*, 240 Cal.App.4th at pp. 1165-1166.) Here, it does.

Gretchen testified defendant saw her when he looked over his shoulder to back the car out. The jury could reasonably have inferred that, at that point, defendant could have set Gretchen free and still achieved his goal of taking the car. The fact defendant did not do so supports the reasonable inference that he detained and moved Gretchen for some other purpose *not incidental to* taking the car.

We are not persuaded by defendant's citation to cases that found insufficient evidence of asportation where the victim's movement was merely incidental to associated crimes. (See *Cotton v. Superior Court* (1961) 56 Cal.2d 459, 463-464 [movement

8

incidental where union picketers moved migrant workers 15 feet during riot]; *People v. Daniels* (1969) 71 Cal.2d 1119, 1126 [movement incidental where defendants, "in the course of robbing and raping three women in their own homes, forced them to move about their rooms for distances of 18 feet, 5 or 6 feet, and 30 feet respectively"].) The cases were decided before *Martinez* clarified the factors relevant to the asportation analysis, and involve different associated crimes and substantially shorter distances than are at issue here. (See *People v. Thomas* (1992) 2 Cal.4th 489, 516 ["When we decide issues of sufficiency of evidence, comparison with other cases is of limited utility, since each case necessarily depends on its own facts."].)

### III.  *Instructional Error*

As we alluded to above, although the record may also support a finding that defendant's movement of Gretchen was merely incidental to his taking of the car, the trial court did not instruct the jury it could consider this as a factor in determining the asportation element. Defendant contends this was prejudicial error. We agree.

### A.  *Background*

During the conference on jury instructions, the trial court stated it intended to instruct the jury regarding kidnapping with the version of CALCRIM No. 1201 submitted by the prosecution. Both counsel agreed.

9

A moment later, the trial court noted that CALCRIM No. 1201 requires that "[t]he defendant move[] the child with an illegal intent or for an illegal purpose."[3] The court added, "I believe that we . . . have to define for the jurors what the illegal intent or [illegal] purpose is and then define that for them." After conferring with counsel, the court indicated it would modify CALCRIM No. 1201 to reflect that the illegal intent or purpose was unlawful vehicle-taking in violation of Vehicle Code section 10851. Defense counsel did not object to the modified version or request any additional modifications.

Accordingly, the trial court instructed the jury regarding kidnapping with the following modified version of CALCRIM No. 1201:

> "The defendant is charged in Count 1 with kidnapping a child in violation of Penal Code section 207. [¶] To prove that the defendant is guilty of this crime, the People must prove that:
>
> "1. The defendant used physical force to take and carry away an unresisting child;
>
> "2. The defendant moved the child a substantial distance;
>
> "3. The defendant moved the child with an illegal intent or for an illegal purpose (see Unlawful Taking or Driving of Vehicle, instruction [CALCRIM No.] 1820);[4]

---

[3]    "[T]his element was created by our Supreme Court to ensure that an innocent carrying away of a very young victim would not result in a kidnapping conviction." (*Jones, supra,* 108 Cal.App.4th at p. 466; see *People v. Oliver* (1961) 55 Cal.2d 761, 765 [innocent carrying away may arise from "find[ing] a young child alone on the highway," "at the edge of a body of water in which he might drown," or "at the edge of a precipice over which he might fall"].) This element is now codified in section 207, subdivision (e).

[4]    The court instructed the jury regarding vehicle taking with CALCRIM No. 1820 as follows: "To prove that defendant is guilty of this crime, the People must prove that:

10

"AND

"4. The child was under 14 years of age at the time of the movement.

"*Substantial distance* means more than a slight or trivial distance. In deciding whether the distance was substantial, consider all the circumstances relating to the movement. Thus, in addition to considering the actual distance moved, you may also consider other factors such as whether the movement increased the risk of physical or psychological harm, increased the danger of a foreseeable escape attempt, gave the attacker a greater opportunity to commit additional crimes, or decreased the likelihood of detection. . . ."

B. *Standard of Review*

"A trial court bears a sua sponte duty to instruct the jury on the essential elements of an offense (*People v. Flood* (1998) 18 Cal.4th 470, 504 . . .), and ' "on the general principles of law governing the case," ' i.e., ' " 'those principles of law *commonly* or closely and openly connected with the facts of the case before the court' " ' (*People v. Michaels* (2002) 28 Cal.4th 486, 529-530 . . .). A 'criminal defendant is entitled to adequate instructions on the defense theory of the case' if supported by the law and evidence. (*Conde v. Henry* (9th Cir. 1999) 198 F.3d 734, 739.)" (*Bell, supra*, 179 Cal.App.4th at pp. 434-435.)

" 'An appellate court reviews the wording of a jury instruction de novo' (*People v. O'Dell* (2007) 153 Cal.App.4th 1569, 1574 . . .), and determines whether 'the instructions

---

[¶] 1. The defendant took or drove someone else's vehicle without the owner's consent; [¶] AND [¶] 2. When the defendant did so, he intended to deprive the owner of possession or ownership of the vehicle for any period of time. [¶] A *taking* requires that the vehicle be moved for any distance, no matter how small. [¶] A *vehicle* includes a passenger vehicle."

11

are complete and correctly state the law' (*People v. Andrade* (2000) 85 Cal.App.4th 579, 585 . . .)." (*Bell, supra*, 179 Cal.App.4th at p. 435.)

## C. *Analysis*

Preliminarily, we decline the Attorney General's invitation to find defendant forfeited this challenge by acquiescing in the proposed instruction and failing to request the instruction he now contends was required. We will address the instructional error because it affects defendant's substantial rights (*People v. Flood, supra*, 18 Cal.4th at p. 482, fn. 7; § 1259) and to forestall defendant's claim of constitutionally inadequate representation (*People v. Mattson* (1990) 50 Cal.3d 826, 854).

On the merits, *Bell, supra*, 179 Cal.App.4th 428 is instructive. In that case, the defendant fled from police in his car while his estranged wife was an unwilling passenger. (*Id.* at pp. 431-432.) The defendant let his wife out of the car at an intersection about 210 feet away, then drove recklessly while unsuccessfully attempting to evade the police. (*Id.* at p. 433.) A jury convicted the defendant of evading police while driving recklessly, simple kidnapping, and other offenses. (*Ibid.*) On appeal, the defendant argued the trial court erred by omitting from the pattern jury instruction certain bracketed language that "would have prohibited the jury from convicting defendant of simple kidnapping if his movement of [the victim] was merely incidental to his reckless flight from the police." (*Id.* at p. 434.)[5] The Court of Appeal agreed.

---

5        The bracketed language, from a prior version of CALCRIM No. 1215, read: "[The defendant is also charged in Count _____ with _____ <insert crime>. In order for the defendant to be guilty of kidnapping, the other person must be moved or made to move a

12

The *Bell* court noted the California Supreme Court's admonition in *Martinez* that " 'in a case involving an associated crime, the jury should be instructed to consider whether the distance a victim was moved was incidental to the commission of that crime in determining the movement's substantiality.' " (*Bell, supra*, 179 Cal.App.4th at p. 437, quoting *Martinez, supra*, 20 Cal.4th at p. 237.)  The *Bell* court defined an " 'associated crime' " as "*any* criminal act the defendant intends to commit where, in the course of its commission, the defendant also moves a victim by force or fear against his or her will." (*Bell*, at pp. 438-439.)  The *Bell* court concluded the defendant's reckless evasion was an associated crime:  "The evidence supported a finding that defendant intended to evade the police and did so recklessly.  And from the evidence, the jury could have found that in the course of the evasion, [the victim] was moved by force or fear against her will. Under these facts, the court should have instructed the jury that, in determining whether defendant's movement of [the victim] was substantial, they could consider whether the movement was merely incidental to the crime of evasion (as one factor among others)." (*Id.* at p. 439.)  Thus, the *Bell* court concluded the trial court had a sua sponte duty to instruct the jury regarding the associated-crime factor of asportation.  (*Ibid*.)

The *Bell* court found the trial court's failure to instruct in this regard rendered the instruction "incomplete" and thus "violated defendant's right to a correct jury instruction on all the elements of the offense of simple kidnapping."  (*Bell, supra*, 179 Cal.App.4th at p. 439.)  The court further found this error was prejudicial under the applicable

distance beyond that merely incidental to the commission of _____ <insert crime>.]"
(*Bell, supra*, 179 Cal.App.4th at p. 434.)

13

*Chapman*[6] standard because "no other jury instructions, jury findings or counsel's arguments show[ed] the jurors knew they had to acquit defendant of kidnapping if they found his movement of [the victim] was *not* substantial, taking into account (as one factor among others) whether his movement of [the victim] was merely incidental to the evasion." (*Bell*, at pp. 439-440; see *People v. Delacerda* (2015) 236 Cal.App.4th 282, 293-294 [prejudicial error under *Chapman* for failing to instruct jury regarding domestic violence battery as associated crime to simple kidnapping].)

Likewise here, the trial court erred prejudicially by not instructing on the associated-crime factor. We are unpersuaded by the Attorney General's argument that carjacking was not an associated crime. To the contrary, the evidence shows defendant intended to carjack Gretchen, and that during the carjacking he moved her by force or fear against her will. "It is not more complicated than that." (*Bell, supra*, 179 Cal.App.4th at p. 439.) The trial court should have instructed the jury regarding the associated-crime factor. (See *Martinez, supra*, 20 Cal.4th at p. 237; *Bell*, at p. 439.)

The parties dispute the applicable standard in assessing prejudice: defendant argues *Chapman*'s harmless-beyond-a-reasonable-doubt standard applies, while the Attorney General argues the *Watson*[7] reasonably-probable standard applies. We need not

---

6      *Chapman v. State of California* (1967) 386 U.S. 18, 24.

7      *People v. Watson* (1956) 46 Cal.2d 818, 836 (reversal required only if "it is reasonably probable that a result more favorable to the [defendant] would have been reached in the absence of error").

14

decide which standard governs, because we would find prejudice even under the less stringent *Watson* standard.

First, the jury instructions, taken as a whole, did nothing to ameliorate the prejudice. Although, as the Attorney General argues, CALCRIM No. 1201 instructed the jury to "consider *all the circumstances* relating to the movement" (italics added), the instruction made no reference to the requirement that the jury consider whether such movement was merely incidental to defendant's taking of the car. In addition, the fact the trial court modified CALCRIM No. 1201 to reference Vehicle Code section 10851 as the basis for defendant's illegal intent or purpose suggests both that (1) the trial court may have considered defendant's movement of Gretchen to be incidental to an associated crime, and (2) jurors may have received the mistaken impression they could convict defendant of kidnapping so long as he intended to unlawfully take the car, regardless of whether his movement of Gretchen was incidental to that taking.

Second, the prosecutor's closing argument further supports a finding of prejudice. As a factual matter, the prosecutor conceded "it's extremely likely the person that got into this car didn't know Gretchen was there." This strongly suggests the jury could reasonably have found defendant's movement of Gretchen was merely incidental to his taking of the car. In addition, although the prosecutor attempted to inform the jury it could consider whether the movement was incidental to the carjacking, the prosecutor misspoke, stating: "Was the distance the other person was moved beyond that merely incidental to the commission of *kidnapping*?" (Italics added.) This did not convey to jurors that they could consider whether defendant's movement of Gretchen was merely

15

incidental to the *carjacking*. On this record, it is reasonably probable defendant would have obtained a more favorable result had the jury been properly instructed.

In sum, the record here required that the trial court instruct the jury to consider (as one of several factors) whether the defendant's movement of Gretchen was merely incidental to an associated crime. The court's failure to do so was prejudicial, and no other jury instruction, jury finding, or argument of counsel ameliorated the error.

## DISPOSITION

The judgment is reversed as to the simple kidnapping conviction. The balance of the judgment, not having been challenged on appeal, is affirmed.

_____

HALLER, J.

WE CONCUR:

_____

HUFFMAN, Acting P. J.

_____

O'ROURKE, J.

16