Filed 9/20/16  P. v. Espinosa CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GILBERT MARK ESPINOSA, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B269937<br>(Super. Ct. No. 2014030319)<br>(Ventura County) |

Gilbert Mark Espinosa, Jr. appeals his conviction, after a court trial, for unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)) with special findings that he had suffered two prior strike convictions (Pen. Code, §§ 667, subds. (c)(1) & (e)(1); 1170.12, subds. (a)(1) & (c)(1)) and five prior prison terms (Pen. Code, § 667.5, subd. (b)).  Appellant pled guilty to being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)) and possessing drug paraphernalia (Health & Saf. Code, § 11364.1, subd. (a)), and was sentenced to eight years state prison. Appellant contends the trial court abused its discretion in admitting evidence of two uncharged car thefts to show intent to unlawfully take or drive a vehicle.  (Evid. Code, § 1101, subd. (b); Veh. Code, § 10851, subd. (a).)  We affirm.

*Facts*

On the evening of September 26, 2014, appellant asked Brian Williams if he could borrow Williams' Toyota Tacoma truck for an hour to run some errands.

Williams was a general contractor and kept his power tools and job site keys in the truck. Williams was a roommate with Trina Kea, appellant's common law wife.

Appellant left with Kea but never returned the truck. Kea told Williams that she quarreled with appellant and walked home. Williams called multiple times the next day and continuing calling but appellant did not answer the calls. Williams was concerned because the truck had a bed box filled with power tools and job site keys. Kea assured Williams that appellant would return the truck and helped him look for the truck. Williams reported the truck stolen on October 1, 2014.

At 1:40 a.m. on October 2, 2014, Ventura County Deputy Sheriff Aaron Grass stopped appellant in Thousand Oaks. Appellant was under the influence of a controlled substance and driving Williams' truck. When appellant pulled out his wallet, Deputy Grass saw loose credit cards on the seat under appellant's legs. None of the credit cards belonged to appellant or the passengers in the truck.

Appellant was arrested for driving a stolen vehicle, being under the influence of a controlled substance, and possession of drug paraphernalia. Waiving his *Miranda* rights (*Miranda v. Arizona* (1966) 384 U.S. 436), appellant said that he borrowed the truck from Williams on October 1 and that he had an "open-ended agreement" to use the truck. Appellant denied that he was under the influence of drugs even after he tested positive for drugs.

*Discussion*

A violation of Vehicle Code section 10851 requires proof of a specific intent to deprive the vehicle owner of possession or title for a temporary or permanent period. (*People v. O'Dell* (2007) 153 Cal.App.4th 1569, 1574.) The prosecution must show by direct or circumstantial evidence that the defendant lacked the consent of the vehicle's owner. (*People v. Clifton* (1985) 171 Cal.App.3d 195, 199.) "Mere possession of a stolen car under suspicious circumstances is sufficient to sustain a conviction of unlawful taking. Possession of recently stolen property is so incriminating that to warrant a conviction of unlawful taking there need only be, in addition to possession, slight

2

corroboration in the form of statements or conduct of the defendant tending to show his guilt. [Citation.]" (*Id.*, at p. 200.)

*Prior Bad Acts Evidence*

Appellant argues that the trial court abused its discretion in admitting prior uncharged acts of vehicle theft to show intent. (Evid. Code, § 1101, subd. (b).) On May 26, 2014, Samuel Huerta's Toyota Tacoma truck was stolen. It had paper dealer plates. Appellant was found sitting in the truck on June 29, 2014, outside the Ventura County Jail. The truck had stolen license plates. Appellant denied knowing the truck was stolen and said that he borrowed it from "Joe" to bail a friend out of jail. When the owner (Huerta) reclaimed the truck, the paper dealer plates, a toolbox filled with tools, and paperwork for a horse were missing.

The second prior bad act involved the theft of a Chevrolet Malibu from the Crown Dodge dealership in Ventura. Crown Dodge reported the vehicle stolen in August 2014 and told the police that it had dealer paper plates. On September 16, 2014, the Simi Valley Police responded to a shoplifting call at Costco and stopped appellant across the street from Costco. Appellant fit the suspect description and was driving the Malibu. He claimed that the owner, an unidentified "girl," asked him to drive her to Costco.

Appellant argues that the uncharged car thefts are too dissimilar to prove intent and lack probative value. The trial court found that the prior bad acts were "extremely" relevant and probative of intent because they were close in time and involved the unlawful taking of a vehicle. Weighing the Evidence Code section 352 factors, the trial court found that the likelihood of prejudice was minimal because it was a bench trial and the court was obliged not to be led astray by appellant's prior felony convictions or prior bad acts. (See e.g., *In re Jose M.* (1994) 21 Cal.App.4th 1470, 1481 [trial court is presumed capable of properly utilizing evidence admitted for limited purposes].)

We review for abuse of discretion. (*People v. Roldan* (2005) 35 Cal.4th 646, 705.) Prior bad acts evidence is not admissible to prove criminal disposition but may be received to prove intent or the absence of mistake or accident. (Evid. Code,

3

§ 1101, subd. (b); *People v. Ewoldt* (1994) 7 Cal.4th 380, 402-403.) Here the prior thefts were similar to the charged offense and involved stolen vehicles in which appellant claimed he had owner consent. The car thefts were not remote in time nor did the evidence necessitate an undue consumption of time or create a substantial danger of undue prejudice or confuse the issues. (*People v. Branch* (2001) 91 Cal.App.4th 274, 282.) Appellant makes no showing the decision to admit the prior bad acts evidence was arbitrary, whimsical, or capricious as a matter of law. (*People v. Linkenauger* (1995) 32 Cal.App.4th 1603, 1614.)

Appellant argues that but for the prior bad acts evidence, he would have obtained a more favorable result. Williams testified that appellant smoked methamphetamine with him and asked if he could "borrow the truck for an hour to run some errands." It was an unusual request, because appellant had never asked before. Appellant said that Kea, Williams' roommate, was going with him. Kea had borrowed the truck on prior occasions and had always returned the truck. Before they left, Williams asked when they would be back. Kea replied, "probably an hour or two."

Kea testified that Williams set no time limit on when appellant had to return the truck. On cross-examination, Kea stated that appellant had permission to drive the truck for as long as he wanted and that appellant borrowed the truck to "take care of business" and buy drugs for Williams. According to Kea, there was no agreement to ever return the truck. The trial court discredited Kea's testimony for good reason. Kea was a drug addict and had prior convictions for theft, narcotics, giving false information to a police officer, prostitution, possession of cocaine base for sale, dissuading a victim, and petty theft with priors.

On review, we are precluded from reweighing the evidence or determining witness credibility. "'Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment . . .' [Citation.] Unless it describes facts or events that are physically impossible or inherently improbable, the testimony of a single witness is sufficient to support a conviction. [Citation.]" (*People v. Elliot* (2012) 53 Cal.4th 535, 585.)

Appellant's claim that he had "open-ended agreement" to use the truck for as long as he wanted was contradicted by Williams. The trial court reasonably concluded that Williams' testimony was credible and that appellant "did not have an unending, open permission to use [the truck] for over a week and then . . . steal [Williams'] tools or . . . otherwise misplace them."

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

Matthew P. Guasco, Judge

Superior Court County of Ventura

_____


Earl E. Conaway III, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill, Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.